## THE COLUSA.

(District Court, N. D. California, First Division.   May 14, 1917.)

### No. 16129.

SEAMEN  ⬦⟶29(1)—LIABILITY FOR INJURIES—FELLOW SERVANTS—"SEAMAN HAVING COMMAND."

Where the work of lashing a deck load of lumber was directed by the boatswain and he adjusted a hook, put a ring in place, and inserted a nail to hold it in place instead of a split pin, customarily used, he was a "seaman having command" within Act March 4, 1915, c. 153, 38 Stat. 1164, providing that seamen having command shall not be held to be fellow servants with those under their authority, and the vessel was liable for injury to one of the seamen engaged in the work, caused by the nail slipping out and releasing the ring, especially where no pins were provided and it was necessary to use nails.

[Ed. Note.—For other cases, see Seamen, Cent. Dig. §§ 186, 188, 191.

, For other definitions, see Words and Phrases, First and Second Series, Seaman.]

Libel by George I. Dunwoody against the steamship Colusa and another.   Judgment for libelant.'

F. R. Wall, of San Francisco, Cal., for libelant.

Goodfellow, Eells, Moore & Orrick, of San Francisco, Cal., for libelees.

DOOLING, District Judge.   Libelant was injured while a seaman on board the steamship Colusa, because of the flying open of a pelican hook on the turnbuckle, with which he was lashing a deck load of lumber.   The hook was jointed so that it could open and close, and to hold it in place when closed a ring was slipped down over its top, the ring being on the shank or immovable portion, and when slipped over the top of the movable portion held it fast to the shank and prevented it from opening.   Near the point of the movable portion there was a hole through the hook in which, when the ring was in place a pin should be inserted, the protruding ends of which would keep the ring from slipping off over the end of the hook, and thus insure that the hook would not open when pressure was put upon it by means of the turnbuckle.   The contrivance was perfectly safe to use so long as the pin was in place, and kept the ring from slipping off.   Instead of a split pin which might be spread so that it would not slip out of the hole when the turnbuckle was turned, a nail was used on the day of the accident which slipped out of the hole when the head of the nail was brought to the lower side in turning the turnbuckle.   This released the ring, and it in turn slipped off the hook, the hook opened, releasing the lashings, and the recoil of the lashings threw the libelant from the top

⬦⟶For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

of the lumber, where he was at work turning the turnbuckle. He was thrown through an open hatchway into the hold, and sustained serious injuries. The hook was adjusted, the ring put in place, and nail inserted by the boatswain, who was directing the operations, and when all this was done the libelant was directed by him to twist the turnbuckle so as to tighten the lashings over the lumber.

From these facts the conclusion seems to me unavoidable that the accident was due to the negligence of the boatswain in placing in the hole a nail which could and did drop out, instead of a split pin which would not, and then directing libelant to tighten the lashing. The boatswain, under the circumstances, was a seaman having command within the meaning of this provision of the act of March 4, 1915 (38 Stat. 1185, c. 153, § 20 [Comp. St. 1916, § 8337a]) known as the Seamen's Law:

"That in any suit to recover damages for any injury sustained on board a vessel or in its service seamen having command shall not be held to be fellow servants with those under their authority."

The negligence was not wholly that of the boatswain, because he testified that there were no pins provided, and that it was consequently necessary to use nails.

The libelant is entitled to recover, and because of his suffering and decreased earning capacity, a decree will be entered in his favor for $1,500 and costs.